Filed 5/11/22  In re James B. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re James B., A Person Coming Under Juvenile Court Law. _____ LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> C.B., <br><br> Defendant and Appellant. | B316650 <br><br> (Los Angeles County Super. Ct. No. 20CCJP03414A) |

APPEAL from an order of the Superior Court of Los Angeles County, Steff R. Padilla, Juvenile Court Referee. Conditionally reversed and remanded with directions.

Ernesto Paz Rey, under appointment by the Court of Appeal, for Defendant and Appellant.

Nancy Sarinana, Children's Law Center, for Minor.

Dawyn Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and Navid Nakhjavani, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

Mother appeals from an order terminating parental rights to her son under Welfare and Institutions Code section 366.26. She contends the juvenile court erred when it determined the Los Angeles County Department of Children and Family Services (DCFS) satisfied its inquiry obligations under the Indian Child Welfare Act (ICWA) and related California law as to mother's possible Indian heritage. Mother, DCFS, and son have stipulated to a conditional reversal and remand to the juvenile court to permit proper compliance with ICWA and related California law. We accept the parties' stipulation.

The conditions that must be satisfied before an appellate court may accept a stipulated reversal are set out in Code of Civil Procedure section 128, subdivision (a)(8). (See *In re Rashad H.* (2000) 78 Cal.App.4th 376, 379-382 [appellate court found § 128 (a)(8) factors present in dependency appeal].) This appeal presents a claim of reversible error based on the parties' agreement that DCFS did not comply with ICWA and related California law. (See *In re H.V.* (2022) 75 Cal.App.5th 433; *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 744.) We find a stipulated conditional reversal and remand advances the interests identified by section 128(a)(8), specifically that: "(A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal," and "(B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement." (§ 128(a)(8); see *In re Rashad H., supra,* at pp. 379-382.)

## *DISPOSITION*

The juvenile court's November 17, 2021 order terminating parental rights is conditionally reversed and the matter is remanded to the juvenile court with the following directions.

1. DCFS shall make efforts to interview all available maternal relatives and any other available extended family members regarding whether son is or may be an Indian child.

2. DCFS shall document its efforts to interview available relatives and extended family members regarding whether son is or may be an Indian child and provide a detailed report with said documentation and the results of its interviews, including attempts to interview relatives and family members, to the juvenile court.

3. At a noticed hearing, with counsel for the parties reappointed, the juvenile court shall make a finding regarding ICWA's applicability, determine whether DCFS has interviewed all available maternal relatives and extended family members, and proceed according to Welfare and Institutions Code sections 224.2 and 224.3, including, if required, ordering DCFS to send notices with the above information to the appropriate tribes in accordance with ICWA.

4. If based on the responses from the maternal relatives and extended family members, the juvenile court finds there is no reason to believe son is an Indian child, or if no tribe or agency determines son is an Indian child after notice has been provided pursuant to ICWA, the order terminating parental rights shall be reinstated. If notices are sent and after the juvenile court receives responses from the noticed

3

tribes, it shall proceed in accord with ICWA if any tribe determines son is an Indian child.

Pursuant to the parties' stipulation, the remittitur shall issue forthwith.


RUBIN, P. J.

I CONCUR:


KIM, J.

In re James B.
B316650


BAKER, J., Dissenting


 Substantial evidence supports the juvenile court's Indian Child Welfare Act (ICWA)-related finding.  (*In re H.V.* (2022) 75 Cal.App.5th 433, 441 (dis. opn. of Baker, J.); see also *In re J.S.* (2021) 62 Cal.App.5th 678, 688 [applying substantial evidence standard of review].)  I would accordingly reject the parties' stipulation because this court cannot properly make the findings required by Code of Civil Procedure section 128, subdivision (a)(8).  (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 380 ["[T]here could be an adverse effect on the adoptive parents' rights if there were a stipulated reversal of a Welfare and Institutions Code section 366.26 parental termination rights order.  A stipulated reversal could further delay the conclusion of the adoption process"].)  That is particularly true in light of the majority's indeterminate dispositional instructions, which are predicated on poorly drafted California statutes and do not foreclose the possibility of yet another appeal on ICWA grounds after the remand the majority now orders.


       BAKER, J.